**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:17-CR-547-L** |
| | § | |
| **XU JIA BAO** | § | |
| **a.k.a FRED XU (3)** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Motion to Revoke or Amend Magistrate Judge's Detention Order (Doc. 22), filed December 1, 2017, by Defendant Xu Jia Bao a/k/a Fred Xu ("Xu"). After careful review of the motion, the Government's response, filed December 8, 2017 (Doc. 28), record, and applicable law, the court **denies** the Motion to Revoke or Amend Magistrate Judge's Detention Order.

**I.     Factual and Procedural Background**

Defendant Xu Jia Bao a/k/a Fred Xu ("Xu") was arrested in Las Vegas, Nevada, on September 27, 2017, pursuant to a warrant issued from the Northern District of Texas. Following his initial appearance before a magistrate judge on September 28, 2017, Xu was ordered detained pending a detention hearing. On October 12, 2017, Xu appeared before United States Magistrate Judge Nancy J. Koppe in the District of Nevada for a detention hearing. Following the hearing, the magistrate judge denied his motion for pretrial release and ordered Xu detained and remanded to custody pending trial, finding him to be a flight risk and a danger to the community.

On October 24, 2017, the grand jury returned an Indictment against Xu, his co-Defendants Li Ting Ting a/k/a Sunny Lee, Shanghai Waseta International Trade Company (a Chinese company

**Memorandum Opinion and Order - Page 1**

that exported chemicals and purported dietary supplement ingredients to the United States) ("Waseta"), and Max Pharmatech, Inc. (a California corporation that sold and imported into the United States chemicals and purported dietary supplements). In the Indictment, Xu was charged with violations of 18 U.S.C. § 1343 (Wire Fraud) and 21 U.S.C. § 331(a) and § 331(a)(1) (Introduction of Misbranded Food into United States Commerce). The Indictment describes Xu's participation, as a principal of Waseta and in charge of its operations, in a fraudulent scheme to sell mislabeled dietary supplements containing hidden and risky stimulants to major retailers in the United States, knowing that the retailers did not allow the stimulants to be included in products they sold, as the stimulants were banned by the United States Food and Drug Administration ("FDA").

## II. Motion to Revoke or Amend Magistrate Judge's Detention Order

On December 1, 2017, Xu filed his motion, pursuant to 18 U.S.C. § 3145(a)(1), asking this court to revoke or amend the magistrate judge's detention order and direct that he be released pending trial in Dallas under any reasonable conditions of bond the court will impose. In support, Xu argues that:

> In this case, the Magistrate Judge's order and ultimate determinations that (a) there is no condition or combination of conditions of bond that will secure Mr. Xu's attendance at trial and (b) Mr. Xu poses a danger to the community do not stand up to scrutiny. First, Mr. Xu's passport and visa have been confiscated; he is not able to secure passage out of the country without them. Second, Mr. Xu has ties to the community in the form of U.S. citizens with whom he may live pending trial. Third, Mr. Xu can produce United States citizens who are willing to act as sureties for his bond. Mr. Xu is willing to submit to electronic monitoring and daily or weekly reporting as well as any other reasonable conditions of bond the Court imposes. Finally, the offenses with which Mr. Xu have been charged – i.e., wire fraud and mislabeling dietary supplements – are offenses which the government will presumably argue that Mr. Xu committed, in part, in China and which in any event pose no ongoing threat to any persons in the United States, if they ever did. Finally, Mr. Xu is not able to continue any such alleged activities while he is in Dallas, Texas, and is willing to agree to any reasonable conditions of bond the Court will impose to guarantee same.

**Memorandum Opinion and Order - Page 2**

Br. in Supp. Mot. to Revoke or Amend Magistrate Judge's Detention Order ¶ 13.

In opposition, the Government argues that Xu's motion should be denied because the magistrate judge "correctly determined that Xu presents a risk of flight and that his conduct poses a risk to the public [and][,] Xu offers no compelling reason for this Court to hold differently." Gov't Resp. 1. The Government further contends:

> No condition or combination of conditions will reasonably assure Xu's appearance in court or ensure the safety of the public. Xu is a foreign national who lives in a country from which extradition is not possible. He participated in a scheme to hide potentially dangerous stimulants in dietary supplements, he has a history of such conduct, he faces a potentially lengthy sentence, and the evidence against him—in the form of emails, written documents, and recorded statements—is overwhelming.

*Id.* at 3.

### A. Legal Standard

"When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (citations omitted). "Under the Bail Reform Act [the "Act"], a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). "[T]he lack of reasonable assurance of *either* the defendant's appearance or the safety of others or the community is sufficient; both are not required." *Fortna*, 769 F.2d at 249 (citations omitted). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," a court must consider: "(1) the

nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). "With respect to the quantum or character of proof, . . . the Act provides that the facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure *the safety* of any other person and the community shall be supported by clear and convincing evidence." *Fortna*, 769 F.2d at 250 (quoting § 3142(f)) (internal quotation marks omitted). In ascertaining whether risk of flight warrants detention, a preponderance of the evidence standard is used, and "the judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *Id.* (citation omitted).

**B.  Analysis**

The court, having conducted a *de novo* review of the audio recording of Xu's October 12, 2017 detention hearing, the magistrate judge's order of detention, the legal briefs of the parties, and the record presented, determines that the section 3142(g) factors weigh in favor of detention. With respect to the first section 3142(g) factor, the "nature and circumstances of the offense charged," Xu is charged with one count of wire fraud (in violation of 18 U.S.C. § 1343) and one count of Introduction of Misbranded Food into United States Commerce (in violation of 21 U.S.C. § 331(a) and § 331(a)(1)). *See* Indictment (Doc. 4). The Indictment describes Xu's participation, as a principal of Waseta and in charge of its operations, in a fraudulent scheme to sell mislabeled dietary supplements containing hidden and risky stimulants to major retailers in the United States. If convicted, under the federal Sentencing Guidelines, Xu could face a possible prison sentence of

approximately 46-57 months, which presents a motive to flee.[1]  This factor weighs in favor of detention.  *See United States v. Stanford*, 630 F. Supp. 2d 751, 755 (S.D. Tex.), *aff'd*, 341 F. App'x 979 (5th Cir. 2009) (finding that the severity of the defendant's potential term of imprisonment weighed in favor of detention).

With respect to the second section 3142(g) factor, "the weight of the evidence against the person," the court determines that the Government has put forth sufficient evidence to support the charges against Xu as set forth in the Indictment.  The evidence against Xu includes a recorded video conversation and e-mails sent directly from Xu and his employees in furtherance of the alleged scheme described in the Indictment.  The court believes the Government has met its burden in demonstrating the weight of evidence against Xu and finds that this factor weighs in favor of his detention.

The third section 3142(g) factor, "the history and characteristics of the person," supports detention.  In considering this factor, a court looks to available information regarding "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."  18 U.S.C. §

---

[1] This sentencing range is based on the Government's approximation of Xu's sentence under the United States Sentencing Guidelines.  *See* Gov't Resp. 7 (Doc. 28).  The court notes that at the detention hearing, the Government proffered that Xu's possible Guideline sentencing range was 57-71 months.  Although initially binding on the district court, the Supreme Court in 2005 rendered the Sentencing Guidelines "effectively advisory." *United States v. Booker*, 543 U.S. 220, 245 (2005).  "Although the Guidelines remain 'the starting point and the initial benchmark' for sentencing, a sentencing court may no longer rely exclusively on the Guidelines range; rather, the court 'must make an individualized assessment based on the facts presented' and the other statutory factors." *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 894 (2017) (quoting *Gall v. United States,* 552 U.S. 38, 49 (2007)).  As such, before imposing any sentence, the court will consider, among other factors, the advisory Guideline range, applicable policy statements, factors under 18 U.S.C. § 3553(a), the facts in the presentence investigation report, and the parties' sentencing contentions.

3142(g)(3)(A). Xu is a Chinese national who has extensive ties to China and virtually no personal ties in the United States. Although in his motion Xu states he has ties with one or more United States citizens with whom he could live pending trial, he does not identify these individuals or state that they reside in Dallas or that they have significant ties to him or the local community such that they could legitimately ensure his appearance at trial. The case law makes clear that such ties to the community need to be longstanding ties, and the court has no evidence of this. *See generally United States v. Reuben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (holding that the ties to the locality must be the sort of ties "from which we can infer that a defendant is so deeply committed and personally attached that he cannot be driven from it by the threat of a long prison sentence."). Xu also has access to financial resources to facilitate flight. Further, Xu's history and character reveal that he participated in a fraudulent scheme to hide the true nature of a proposed new dietary supplement and that he would not hesitate to conceal the truth. The record also shows he has a history of such conduct. *See* Aug. 1, 2011 E-Mail from Xu to Geissler (Ex. A to Gov't's Resp.); Superseding Indictment (Doc. 95), *United States v. USPlabs, LLC*, No. 15-cr-496-L (N.D. Tex. filed Jan. 5, 2016).

In addition, the record shows that Xu declined to interview with pretrial services and, therefore, as noted by the magistrate judge in the audio recording of the detention hearing, the court has no verifiable information concerning his background or current circumstances, or any of the other section 3142(g) factors. This court, like the magistrate judge, finds that this factor weighs in favor of detention.

The fourth section 3142(g) factor, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," has been considered by courts in the

flight risk analysis. *See Stanford*, 341 F. App'x at 983 (observing that in ascertaining whether risk of flight warrants detention, "neither party argue[d] that the fourth § 3142(g) factor, 'the nature and seriousness of the danger to any person or the community that would be posed by the person's release,' is applicable to Stanford, [and] the district court made no findings of fact with respect to this element."). Based on e-mails and video recordings, Xu helped conceal the importation and distribution of dangerous synthetic stimulants that would be marketed by retailers of dietary supplements to consumers in the United States. The court determines that this factor also weighs in favor of detention.

The totality of the factors considered above warrants detention of Xu. The court finds that the Government has shown by a preponderance of the evidence that Xu poses a flight risk.[2] He has the motive and likely has the personal means to flee. Additionally, he is the principal of Waseta, a Chinese company that has been charged with committing criminal acts and possesses more than adequate financial resources that could be used to assist him to flee. Further, the United States does not have an extradition agreement with China. The potential of a lengthy sentence of imprisonment and lack of ties to the community weigh in favor of Xu's detention. Therefore, the court **concludes** that it is more likely than not that there is no condition or combination of conditions that will reasonably assure Xu's presence at trial as required. 18 U.S.C. § 3142(e).[3]

---

[2] As the court has determined that the Government has met its burden of showing by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Xu's presence at trial, the court need not consider the issue of whether there are any conditions or combination of conditions that will reasonably assure the safety of any other person and the community. *See United States v. Reuben*, 974 F.2d 580, 586 (5th Cir. 1992) ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required.") (citations omitted).

[3] Xu's request for a hearing is **denied**. As set forth above, *see supra* Sec. II(A), a defendant is entitled to a *de novo* review by the court of the original detention hearing, not to an additional detention hearing. Xu's brief in support of his motion provides the court with no reason to hold a new hearing, and it does not present new evidence that would be considered at a hearing.

**III. Conclusion**

For the reason herein stated, the court **denies** Defendant Xu Jia Bao's Motion to Revoke or Amend Magistrate Judge's Detention Order (Doc. 22).

**It is so ordered** this 19th day of December, 2017.

_____
Sam A. Lindsay
United States District Judge